

**ENTERED**
**11/18/2014**

```
              IN THE UNITED STATES BANKRUPTCY COURT

                FOR THE SOUTHERN DISTRICT OF TEXAS

                         HOUSTON DIVISION

                                    )
IN RE                               )
                                    )
CAROL J. MCDONALD,                  )   CASE NO. 09-38521-H3-13
                                    )
          Debtor,                   )
                                    )
```

<u>MEMORANDUM OPINION</u>

The court has held a hearing on the "Motion to Keep Case Open" (Docket No. 83) purportedly filed by the Debtor in the above captioned case. The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered denying the motion. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

<u>Findings of Fact</u>

Carol J. McDonald ("Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on November 5, 2009. William E. Heitkamp is the Chapter 13 Trustee.

Debtor was initially represented in the case by Thomas F. Jones III, who was then an attorney with Bailey & Galyen.

(Docket No. 1).

Debtor's Chapter 13 plan was confirmed, by order entered on February 26, 2010. (Docket No. 43).

On June 25, 2011, Debtor moved to substitute Alan B. Gregory, Jr., who was then an attorney with Bailey & Galyen, in place of Jones. The motion recited that Jones was leaving Bailey & Galyen. (Docket No. 54). The motion to substitute Gregory in place of Jones was granted, by order entered on July 21, 2011. (Docket No. 57).

On January 16, 2012, Debtor moved to substitute Rachel Sherman, who was then an attorney with Bailey & Galyen, in place of Gregory. The motion recited that Gregory was leaving Bailey & Galyen. (Docket No. 65). The motion to substitute Sherman in place of Gregory was granted, by order entered on March 1, 2012. (Docket No. 70).

On January 7, 2013, Debtor filed a notice of designation of counsel, indicating that William E. "Gene" Sollows, who was then an attorney with Bailey & Galyen, would be designated lead counsel, and that Sherman would be terminated as Debtor's attorney of record. (Docket No. 72).

On July 23, 2013, Debtor moved to substitute Alexander Wathen as attorney of record. The motion recited that Wathen was the attorney in charge with respect to this case, with Bailey & Galyen, but that Bailey and Galyen was discontinuing its

bankruptcy practice in the Southern District of Texas.[1]  The motion to substitute Wathen, who was then in his own firm, in place of the attorneys from Bailey & Galyen, was granted, by order entered on August 16, 2013.  (Docket No. 77).

On July 31, 2014, the Chapter 13 Trustee filed a notice indicating that Debtor had completed the payments due under the plan.  (Docket No. 79).

On August 1, 2014, the court entered an order directing Debtor to demonstrate compliance with Section 1328 of the Bankruptcy Code.  The order provides in pertinent part:

> 1.  This case will be closed without a discharge unless the debtor(s) demonstrate compliance with the requirements of § 1328.
>
> 2.  Not later than 45 days after the entry date of this order, the debtor(s) must either:
>
>> A.  Complete, execute and file with the clerk of the Court the certification and motion included in this order; or
>>
>> B.  File a pleading with the Court in which the debtor(s) demonstrate an entitlement to a chapter 13 discharge.

(Docket No. 80).

In the instant motion, Debtor seeks an order keeping the instant case open until October 17, 2014 unless a discharge has been entered.  (Docket No. 83).  Debtor, through Wathen,

---

[1] The court notes that, despite Wathen's statement, Wathen had not previously appeared in the instant case or given any notice that he was the attorney in charge.

3

asserted that Debtor needed additional time to file the motion.

At the hearing on the instant motion, Wathen stated that he had had no contact with Debtor prior to his substitution as attorney in charge. Wathen stated that he received a telephone call from Debtor, on the night before the hearing. Wathen stated that he believes Debtor intended to take an instructional course on personal financial management on the day of the hearing on the instant motion, and would thereafter be able to complete the certification and motion attached to the court's order.

The Chapter 13 Trustee filed a final report and account on November 4, 2014. (Docket No. 86).

## Conclusions of Law

Section 1328 of the Bankruptcy Code sets forth several prerequisites for the entry of discharge. The court may not enter discharge if the debtor received a discharge in a previous case within a specified time period. The court may not enter discharge unless the debtor has completed an instructional course in personal financial management. The court may not enter discharge unless the court finds, after notice and a hearing, that there is no cause to believe that certain provisions of Section 522(q) of the Bankruptcy Code may apply to the debtor. 11 U.S.C. § 1328.

This court ensures that debtors have satisfied the

requirements of Section 1328 through the debtors' execution of the "Debtors Certification, Motion for Entry of Chapter 13 Discharge and Proposed Discharge Order."  A copy of the certification and motion is attached to the court's order at Docket No. 80.

Closing of the case is governed by Section 350 of the Bankruptcy Code and Bankruptcy Rule 5009.  Section 350(a) of the Bankruptcy Code provides:  "After an estate is fully administered and the court has discharged the trustee, the court shall close the case."  11 U.S.C. § 350(a).

Bankruptcy Rule 5009 provides in pertinent part:  "If in a...chapter 13 case the trustee has filed a final report and final account and has certified that the estate has been fully administered, and if within 30 days no objection has been filed by the United States trustee or a party in interest, there shall be a presumption that the estate has been fully administered."  Rule 5009, Fed. R. Bankr. P.

In the instant case, Debtor has not demonstrated cause for extension of the period to close the case.  Indeed, Wathen's indication that he had not communicated with his client prior to the night before the hearing on the instant motion suggests that he may not have undertaken an inquiry reasonable under the circumstances before filing the instant motion.  The court

concludes that the motion should be denied.[2]

Based on the foregoing, a separate Judgment will be entered denying the "Motion to Keep Case Open" (Docket No. 83).

Signed at Houston, Texas on November 18, 2014.

*Letitia Z. Paul*
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE

---

[2] The court notes, however, that because the Trustee filed a final report and account on November 4, 2014, the case will remain open until, at a minimum, December 4, 2014.